IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2006 SEP 21  AM 11: 00

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| PARAGON WAY, INC. and<br>COLLINS FINANCIAL SERVICES,<br>INC.,<br>     Plaintiffs,<br><br>v.<br><br>RISCUITY, INC., R.V. DEBT<br>PORTFOLIOS, L.L.C., EDWARD<br>CHEN, CNG FINANCIAL<br>CORPORATION d/b/a CHECK N GO,<br>NATIONAL CHECK BUREAU, INC.,<br>UNIFUND CORPORATION, OSI<br>COLLECTION SERVICES, INC., QC<br>FINANCIAL SERVICES, INC.,<br>DOLLAR FINANCIAL CORP., FIRST<br>CASH FINANCIAL SERVICES, INC.,<br>APPLIED INCOME SCIENCES, L.L.C.,<br>and CHECK INTO CASH, INC.,<br>     Defendants. | § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO.<br><br>**A06CA747 SS** |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Paragon Way, Inc. and Collins Financial Services, Inc. ("Plaintiffs") and file

this Original Complaint against Riscuity, Inc., R.V. Debt Portfolios, L.L.C, Edward Chen, CNG

Financial Corporation d/b/a Check N Go, National Check Bureau, Inc., Unifund Corporation, OSI

Collection Services, Inc., QC Financial Services, Inc., Dollar Financial Corp., First Cash Financial

Services, Inc., Applied Income Sciences, L.L.C., and Check Into Cash, Inc. ("Defendants"), and in

support thereof would show the Court the following:

### I. PARTIES

1.       Paragon Way, Inc. ("Paragon") is a Texas corporation, with its principal place of

business in Travis County, Texas.

2.      Collins Financial Services, Inc. ("Collins") is a Texas corporation, with its principal place of business in Travis County, Texas.

3.      Riscuity, Inc. is a Georgia corporation doing business in the State of Texas. Riscuity may be served with citation through its registered agent, Corporation Service Company, 40 Technology Parkway South, No. 300, Norcross, Georgia 30092.

4.      R.V. Debt Portfolios, L.L.C. ("R.V. Debt") is a Delaware Corporation doing business in the State of Texas. R.V. Debt may be served with citation by serving its Senior Vice President, Kevin McCormick at its regular place of business, 1600 Terrell Mill Road S.E., Marietta, Georgia 30067.

5.      Edward Chen ("Mr. Chen") is an individual doing business in the State of Texas. Mr. Chen may be served with citation at his place of business, 1600 Terrell Mill Road S.E., Marietta, Georgia 30067.

6.      CNG Financial Corporation d/b/a Check N Go ("Check N Go") is, upon information and belief, an Ohio corporation that has done business in and/or directed acts toward Texas sufficient that Texas has general jurisdiction over Check N Go. Check N Go may be served with citation through its registered agent, CT Corporation, 1300 East 9th Street, Cleveland, Ohio 44114.

7.      National Check Bureau, Inc. ("NCB") is an Ohio corporation doing business in the State of Texas. NCB may be served with citation through its registered agent, CT Corporation, 1300 East 9th Street, Cleveland, Ohio 44114.

8.      Unifund Corporation ("Unifund") is an Ohio corporation doing business in the State of Texas. Unifund may be served with citation through its registered agent, CT Corporation, 1300 East 9th Street, Cleveland, Ohio 44114.

9.      OSI Collection Services, Inc. ("OSI") is a Delaware corporation doing business in the State of Texas. OSI may be served with citation through its registered agent, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

10.     QC Financial Services, Inc. ("QC") is a Missouri corporation doing business in the State of Texas. QC may be served with citation through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11.     Dollar Financial Corp. ("Dollar") is, upon information and belief, a New York corporation doing business in the State of Texas. Dollar may be served with citation through its registered agent, CT Corporation System, 1635 Market Street, Philadelphia, PA 19103.

12.     First Cash Financial Services, Inc. ("First Cash") is a Delaware corporation doing business in the State of Texas. First Cash may be served with citation through its registered agent, Phillip E. Powell, 690 East Lamar Blvd., Suite 400, Arlington, Texas 76001.

13.     Applied Income Sciences, L.L.C. ("Applied Income") is, upon information and belief, a foreign limited liability company that has done business in and/or directed acts toward Texas sufficient that Texas has general jurisdiction over Applied Income. Applied Income may be served with citation through Peter M. Bennett, 50 California Street, Suite 1500, San Francisco, California 94111.

14.     Check Into Cash, Inc. ("CIC") is a Tennessee corporation doing business in the State of Texas. CIC may be served with citation through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II. JURISDICTION

15.     This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

16.     This Court has personal jurisdiction over Defendants Riscuity, Inc., R.V. Debt, and Edward Chen (collectively, "Riscuity") because they entered into contracts with Plaintiffs that were performable in Texas, and such contracts, and the breach thereof, are the basis of this lawsuit.

17.     This Court has general jurisdiction over all Defendants because they regularly conduct business in the State of Texas.

## III. VENUE

18.     Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within such judicial district.

## IV. FACTUAL BACKGROUND

19.     Plaintiffs and Defendants originate, purchase and/or sell consumer loans and debt.

20.     Riscuity, R.V. Debt and Mr. Chen, in particular, buy and sell consumer debt, and service debt accounts.

21.     Mr. Chen is an officer of both Riscuity and R.V. Debt.

22.     On information and belief, Riscuity acquired various consumer accounts receivables that originated from Defendants Check N Go, NCB, Unifund, OSI, QC, Dollar, First Cash, and CIC (collectively, the "Originators").

### A.     The Accounts Sale Agreements

23.     Between January 30, 2006 and June 25, 2006, Riscuity sold to Paragon and to Collins certain pools of consumer accounts that Riscuity had previously obtained from the Originators (the "Accounts").

24.     The Accounts were sold by Riscuity pursuant to the terms of written accounts sale agreements executed by Riscuity, as seller, and by either Paragon or Collins, as purchaser.

25.     The aggregate purchase price of the six accounts sale agreements is approximately $1.68 million.  The agreements are generally described as follows:

| Date of Agreement | Number of Accounts | Purchase Price |
|---|---|---|
| 1/20/2006 | 83,095 | $630,881.97 |
| 3/15/2006 | 15,599 | $236,613.99 |
| 4/18/2006 | 42,968 | $217,752.56 |
| 5/11/2006 | 7,153 | $124,195.33 |
| 5/17/2006 | 15,672 | $317,650.76 |
| 5/23/2006 | 7,669 | $155,747.11 |

26.     In addition to the foregoing agreements, on or about June 1, 2006, Riscuity brokered an accounts sale agreement providing for the sale by Applied Income to Collins of consumer debt accounts for a purchase price in excess of $269,000.

27.     Upon closing on each of the seven accounts sale agreements (the "Sale Agreements"), Paragon or Collins, as purchaser, assumed all of the seller's rights, title and interest in the Accounts, in all payments made by any debtors under the Accounts, and in the collection of the Accounts.

### B.     Seller's obligation to forward payments and information pertaining to the Accounts.

28.     Each of the Sale Agreements require that the seller adjust the balance of any of the Accounts should any credit, payment, or other consideration be received from or on behalf of any debtor ("Direct Payments").

29.     The Sale Agreements also require that the seller inform Paragon or Collins of any adjustment to the account balance made as a result of any Direct Payments, or otherwise.

30.     The Sale Agreements further provide that if any Direct Payments are received by the seller or any servicing agent after the closing date of the Sale Agreement, such payments shall be promptly tendered to either Paragon or Collins.

31.     Since the closing date under each of the Sale Agreements, Riscuity has received Direct Payments which are owed to Paragon and to Collins.

32.     Despite Riscuity's acknowledgement and admission that it is in receipt of Direct Payments, Riscuity has wholly failed and refused to report to Paragon or Collins the changes to the balances of corresponding debtor accounts.

33.     Additionally, Riscuity has failed and refused to deliver to Paragon or Collins any of the Direct Payments that it has received since the closing dates for the Sale Agreements.

C.     **The seller's obligation to repurchase Putback Accounts.**

34.     The Sale Agreements also obligate the seller to repurchase any Accounts that are deemed "ineligible," such as bankruptcy accounts, settled accounts, forgery/fraud accounts, and accounts of deceased debtors (the "Putback Accounts").

35.     The Sale Agreements require the seller to reimburse Paragon or Collins for any Putback Accounts within thirty days of notice to the seller that an ineligible account was included among the Accounts purchased.

36.    To date, Paragon and Collins have notified Riscuity of over $106,000 in Putback Accounts and has requested reimbursement for same under the Sale Agreements.

37.    Riscuity, however, has failed to reimburse Plaintiffs for any of the Putback Accounts.

**D.    Paragon and Collins cannot directly communicate with the Originators.**

38.    Upon information and belief, Riscuity purchased the Accounts from the Originators pursuant to similar accounts sale agreements that also require the Originators to forward to Riscuity any payments received from debtors and information pertaining to adjustments in account balances.

39.    Upon further information and belief, Riscuity's agreements with the Originators prevent the Originators from directly communicating to Paragon or Collins any information pertaining to the Accounts, or forwarding to Paragon or Collins any Direct Payments that the Originators may receive.

40.    Therefore, in light of Riscuity's failure and refusal to respond, Paragon and Collins are unable to obtain critical information required to collect the Accounts or to capture the Direct Payments received on any of the Accounts.

### V. CAUSES OF ACTION

**A.    Count One - Breach of contract claim against Riscuity**

41.    Paragon and Collins have performed all of their respective obligations under the Sale Agreements.

42.    The Sale Agreements obligate Riscuity to report to Paragon and Collins essential information pertaining to the Accounts.

43.    The Sale Agreements also obligate Riscuity to reimburse Paragon and Collins for the purchase price paid for the Putback Accounts.

44.     The Sale Agreements further obligate Riscuity to tender to Paragon and Collins the Direct Payments received on any of the Accounts.

45.     Riscuity breached the Sale Agreements by (a) failing to properly report to Paragon and Collins the status of, and any changes to the Accounts; (b) withholding information provided to Riscuity from the Originators; (c) failing to refund the value of the Putback Accounts; and (d) failing to tender the Direct Payments due and owing to Paragon and Collins.

46.     As a result of Riscuity's breaches, Paragon and Collins have sustained and continue to sustain significant monetary damages.

**B.     Count Two - Conversion claim against Riscuity**

47.     Riscuity's actions constitute an unauthorized assumption and appropriation of the Direct Payments, which properly belong to Paragon and Collins.

48.     Pursuant to the terms of the Sale Agreements, Paragon and Collins are the owners of the Direct Payments and are entitled to possession of same.

49.     The Direct Payments are in the actual possession of Riscuity.

50.     Despite demand by Paragon and Collins, Riscuity has failed and refused to tender the Direct Payments to Paragon and Collins.

51.     As a result of Riscuity's wrongful conversion of the Direct Payments, Paragon and Collins have sustained and continue to sustain significant monetary damages.

**C.     Count Three – Request for injunctive relief**

52.     The Sale Agreements expressly authorize the parties to seek any equitable relief, including injunctive relief, without the posting of a bond, in order to cure the other party's default.

53.     Paragon and Collins seek to enjoin Riscuity from further converting any Direct Payments and request that the Court issue a mandatory injunction ordering Riscuity to tender all Direct Payments previously received in relation to any of the Accounts.

54.     Paragon and Collins further request that the Court issue a mandatory injunction ordering Riscuity to provide Paragon and Collins with necessary information pertaining to the Accounts as required under the Sale Agreements.

55.     In addition, Paragon and Collins request that the Court issue a mandatory injunction directing the Originators to communicate with Paragon and Collins regarding the current status of the Accounts and instructing the Originators to route all Direct Payments directly to Paragon and Collins.

56.     Without the requested equitable relief, Riscuity will be able to continue converting the Direct Payments.  Moreover, without obtaining the necessary reporting information about the Accounts, Paragon and Collins will be unable to take effective action to collect the Accounts.

57.     Paragon and Collins are entitled to the requested equitable relief because there is a substantial likelihood they will succeed on the merits; a preliminary injunction is necessary to prevent irreparable injury; the threatened injury to them outweighs the harm that a preliminary injunction may cause Riscuity or the Originators; and granting a preliminary injunction will not disserve the public interest.

## VI. ATTORNEYS' FEES

58.     As a result of Risquity's conduct outlined above, Paragon and Collins were required to obtain legal counsel to pursue their claims and file this lawsuit.  As a result thereof, Paragon and Collins seek to recover their reasonable and necessary attorneys' fees incurred in pursuing their claims against the Riscuity and in prosecuting this lawsuit.

## VII. JURY DEMAND

59.     Paragon and Collins hereby request trial by jury.

WHEREFORE, Plaintiffs Paragon Way, Inc. and Collins Financial Services, Inc. respectfully request that citation be issued, that Defendants Riscuity, Inc., R.V. Debt Portfolios, L.L.C., Edward Chen, CNG Financial Corporation d/b/a Check N Go, National Check Bureau, Inc., Unifund Corporation, OSI Collection Services, Inc., QC Financial Services, Inc., Dollar Financial Corp., First Cash Financial Services, Inc., Applied Income Sciences, L.L.C., and Check Into Cash, Inc. be served with citation, and that upon trial Plaintiffs recover from all Defendants the above-referenced injunctive relief. In addition, Plaintiffs further request that they recover from Defendants Riscuity, Inc., R.V. Debt Portfolios, L.L.C. and Edward Chen:

      a.     actual damages;

      b.     punitive damages;

      c.     reasonable and necessary attorneys' fees;

      d.     prejudgment interest;

      e.     post judgment interest;

      f.     Taxable costs of court; and

such further and other relief as Plaintiffs may be shown to be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.


By _____
    Breck Harrison
    State Bar No. 24007325
    Christopher Mugica
    State Bar No. 24027554
    100 Congress, Suite 1100
    Austin, TX 78701
    (512) 236-2000
    (512) 236-2002 – Facsimile

ATTORNEYS FOR PLAINTIFFS
PARAGON WAY, INC. AND COLLINS
FINANCIAL SERVICES, INC.

4363713v.3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET A O 6 C A 7 4 7 **SS**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paragon Way, Inc. and Collins Financial Services, Inc.

## DEFENDANTS
Riscuity, Inc., R. V. Debt Portfolios, L.L.C., Edward Chen, CNG Financial Corporation d/b/a Check N. Go, National Check Bureau, Inc., Unifund Corporation, OSI Collection Services, Inc., QC Financial Services, Inc., Dollar Financial Corp., First Cash Financial Services, Inc., Applied Income Sciences, L.L.C. and Check Into Cash, Inc.

(b) County of Residence of First Listed Plaintiff     Travis County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Gwinnett County Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Breck Harrison
Christopher R. Mugica
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone (512) 236-2000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place An "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ref. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.§ 1391(a)

Brief description of cause:
Breach of sale agreements and conversion of funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unliquidated damages and preliminary injunction
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

| VIII. | **RELATED CASE(S)** (See instructions): | | |
|---|---|---|---|
| | **IF ANY:** | JUDGE _____ | DOCKET NUMBER _____ |

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 9/21/06 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE *Sparks*   MAG. JUDGE _____

- 2 -

ORIGINAL

387376

AO82
(Rev. 4/90)

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF TEXAS** *Austin*
**at** _____

RECEIVED FROM  *Jackson Walker*
*901 Main St. Ste 6000*
*Dallas, TX 75202*

| Fund | | ACCOUNT | AMOUNT |
|------|--|---------|--------|
| 6855XX | Deposit Funds | 086900 | 60 00 |
| 604700 | Registry Funds | 510000 | 190 00 |
| | General and Special Funds | 086900 | 100 00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 1:06-CV-747 | |
| 143600 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | *New Case* | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | *Paragon Way et al* | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | *v.* | |
| 510000 | Civil Filing Fee (½) | *Riscuity Inc et al* | |
| 510100 | Registry Fee | | |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|------|------|-------|------|--------|---------------|
| 9-21-06 | | | | | |